IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASON C. ANDERSON,

                                   Plaintiff,

        v.                                                    1:05-cv-952-WSD

THE UNITED STATES and
LOCKHEED GEORGIA
EMPLOYEE'S FEDERAL CREDIT
UNION,

                                   Defendants.

## ORDER

This is an action filed by Plaintiff[1] Jason C. Anderson to quash an

administrative summons served by the Internal Revenue Service on the Lockheed

Georgia Employee's Federal Credit Union (the "summons") seeking information

about Mr. Anderson's accounts at the credit union.  The matter is presently before

the Court on the Magistrate Judge's Report, Recommendation and Order [33]

concerning Petitioner's Motion to Quash Summons filed on February 1, 2005[2] (the

_____

        [1]  Plaintiff deems himself the "Petitioner" in the motions he has filed.  For
consistency, the Court will refer to him as the "Petitioner."

        [2]  Petitioner originally filed this action in the United States District Court for
the Southern District of New York; it was transferred to this Court on February 24,
2005, upon grant of the Petitioner's Motion to Change Venue filed February 18,

"Motion to Quash") [1],[3] Petitioner's Request for Allowance of Amendment #1 to

his Motion to Quash filed on October 25, 2005 (the "Motion to Amend") [30][4] and

Petitioner's Motion to Stay filed on November 28, 2005 [32][5].   In accordance with

28 U.S.C. § 636(b)(1) (2005) and Rule 72 of the Federal Rules of Civil Procedure,

the Court has conducted a careful, *de novo* review of the portions of the Magistrate

Judge's Report, Recommendation and Order to which Petitioner has objected.  The

Court has reviewed the remainder of the Magistrate Judge's Report,

Recommendation and Order for plain error.  United States v. Slay, 714 F.2d 1093,

1095 (11th Cir. 1983).  Petitioner did not object to the Magistrate Judge's findings

of fact in the Report, Recommendation and Order and, having reviewed them

carefully and finding no plain error, the Court adopts the facts set forth in the

Report, Recommendation and Order.

---

2005.  (Transfer Order [6] at 1.)

[3] Petitioner filed the Motion to Quash as a petition.  Technically, the petition should have been styled as a motion.  The Court will refer to the filing as a motion.

[4] The Court agrees with the Magistrate Judge's view that it was appropriate to consider this motion as a motion to amend Petitioner's Motion to Quash. (Report, Recommendation and Order at 1 n.1.)

[5] Petitioner filed the Motion to Stay as a petition.  Technically, the petition should have been styled as a motion.  The Court will refer to the filing as a motion.

## *Background*

This matter concerns Petitioner's Motion to Quash, his Motion to Amend (filed over eight months after Petitioner's Motion to Quash was filed), and Petitioner's Motion to Stay (filed a month after his Motion to Amend was filed). The Court first reviews the Magistrate Judge's recommendation that the Motion to Amend not be allowed. The Court agrees the Motion to Amend was not timely. Considering the motion on its merits, the Court also finds the amendments requested are futile. See Fed. R. Civ. P. 15(a); Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004). There was sufficient authority for the summons to be issued, it was requested by a proper person, it was issued for a permitted purpose[6] and it sought information from a proper party. 26 U.S.C. § 7602 (2005); Treas. Reg. § 301.7602-1; United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984); United States v. Bisceglia, 420 U.S. 141, 144-47 (1975).

The undisputed facts are that Petitioner did not file tax returns for the years 2000, 2001, 2002 or 2003 and the Internal Revenue Service issued the summons in

---

[6] There is no evidence to support Petitioner's claim the summons was pretextual and sought only information for use in a criminal proceeding or that a decision had even been made to conduct a criminal investigation of Petitioner. (May 4, 2005 Hearing Transcript ("Tr.") [22] at 51-53.)

connection with its civil examination of the Petitioner's tax liability, if any, for those years.  (Tr. at 14, 19, 52, 54-55, 62); cf. United States v. McAnlis, 721 F.2d 334, 336-37 (11th Cir. 1983).  The Internal Revenue Service is obligated to conduct the sort of inquiry for which the summons was issued.  26 U.S.C. § 7601(a) (2005).  Petitioner has not offered any evidence the summons was served for any other or any improper purpose.  See United States v. Powell, 379 U.S. 48, 57-58 (1964).  Thus, there exists no basis on which the Court should grant Petitioner's Motion to Quash.

To the extent Petitioner requests reconsideration of the Magistrate Judge's denial of Petitioner's Motion to Stay and objects to the Magistrate Judge's decision, the Court agrees with the Magistrate Judge that Petitioner has not shown any administrative remedy that is required to be exhausted before the summons may be enforced.  The Court notes that Petitioner invoked the authority of the Court to determine if the summons was properly served on Petitioner.  Thus, Petitioner has engaged this Court for the remedy he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report, Recommendation and Order.  Petitioner's Objections

4

to the Report, Recommendation and Order are **OVERRULED.**  Petitioner's

Request for Allowance of Amendment #1 to his Motion to Quash [30], Petitioner's

Motion to Stay [32] and Petitioner's Motion to Quash [1] are **DENIED**.

**SO ORDERED** this 12th day of June, 2006.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE